UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-60480-CIV-COHN/SELTZER

ALTAGRACE ALBERT,
formerly known as ALTAGRACE FRANCOIS,

    Plaintiff,
v.

RACETRACK PETROLEUM, INC.,

    Defendant.
_____/

**ORDER GRANTING MOTION TO WITHDRAW**
**ORDER DENYING MOTION TO DISMISS**
**ORDER GRANTING MOTION FOR SANCTIONS**

**THIS CAUSE** is before the Court upon Plaintiff's Counsel's Motion to Withdraw [DE 15], Defendant's Opposition [DE 17], Defendant's Motion to Dismiss and for Sanctions [DE 16], Plaintiff's Response [DE 18] and Defendant's Reply thereto [DE 19]. The Court has carefully considered the motions, heard the arguments of counsel on August 26, 2010, and is otherwise fully advised in the premises.

I.  BACKGROUND

On March 30, 2010, Plaintiff filed this action for race and national origin discrimination under 42 U.S.C. § 1981 against her former employer [DE 1]. Defendant filed its Answer on April 13, 2010 [DE 5]. After a scheduling conference before the Magistrate Judge, the parties began discovery. However, on June 29, 2010, Defendant filed a motion to compel compliance with Rule 26(a), contending that Plaintiff's initial disclosures failed to comply with the Rule [DE 13]. After Plaintiff did not respond to the motion, the Magistrate Judge granted the motion to compel on July 30, 2010, and

ordered Plaintiff to pay $100 in reasonable attorney's fees to Defendant within 60 days [DE 14].  On August 2, 2010, Plaintiff's counsel moved to withdraw [DE 15].  The next day, Defendant then moved to dismiss the action for further discovery violations and for sanctions [DE 16].  These motions are now ripe for consideration.

II.  DISCUSSION

**A.  Motion to Dismiss and for Sanctions**

Defendant requests that the Court rule upon its motion to dismiss and for sanctions prior to ruling upon Plaintiff's counsel's motion to withdraw.  Even though the motion to dismiss was filed the day after the motion to withdraw, the Court concludes that it is proper to grant Defendant's request.

Defendant seeks to dismiss this action for discovery violations pursuant to Federal Rule of Civil Procedure 37(b)(2)(C).  As mentioned above, Defendant successfully moved to compel further compliance with the Rule 26 initial disclosures. Defendant also asserts that Plaintiff initially served "incomplete and nonresponsive" answers to its interrogatory requests, and finally served "marginally complete" responses.  Counsel for both sides discussed the discovery responses, and mutually decided to resolve these production issues through questions at Plaintiff's deposition.

After agreement with Plaintiff's counsel, on July 15, 2010, Defendant noticed Plaintiff's deposition for Monday, July 26, 2010.  There is no dispute that late on Thursday afternoon, July 22, 2010 (5:54pm to be exact), Plaintiff's counsel notified Defendant that he could not attend the deposition due to a scheduling conflict.  On Monday, July 26, counsel agreed to reset the deposition for Friday, July 30.  Although

Defendant and Plaintiff's counsel appeared on Friday, Plaintiff did not appear and did not provide notice that she would not appear. Defendant seeks sanctions of $500.60 for Plaintiff's failure to appear and dismissal of the action for her "willful and deliberate refusal to comply" with the Federal Rules and the Rules of this Court.

Plaintiff opposes the motion. She argues that the sole basis for dismissal is Plaintiff's non-attendance at a noticed deposition, a sanction that would be prohibitively severe for such a transgression. Plaintiff asserts that the cancellation of the first deposition was done more than 72 hours in advance, and more than one business day in advance. This Court agrees that such cancellation was not "last minute" as contended by Defendant. Plaintiff herself stated at today's hearing that she was out of the country and was not aware of the rescheduled deposition date. Plaintiff's counsel, however, stated that one of his office's employees personally made sure Plaintiff received notice.

Although the Court recognizes that it has the authority to dismiss this action, dismissal on this record would be prohibitively severe. The Court does note that the failure to appear was the second discovery violation, as Judge Seltzer found a first violation in his Order of July 30, 2010. Thus, the Court will impose sanctions for the failure to appear at deposition in the total amount of $300 for costs and attorney's fees.

### B.  Motion to Withdraw

Plaintiff's counsel states in his motion to withdraw that Plaintiff has failed to cooperate rendering the action unreasonably difficult to pursue. Plaintiff's failure to appear for her deposition would appear to be objective evidence of a failure to

cooperate. After hearing from all sides at today's hearing, the Court will grant the motion, as explained below.

### III.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [DE 16] is hereby **DENIED**;

2. Defendant's Motion for Sanctions [DE 16] is hereby **GRANTED in part**;

3. Plaintiff shall pay to Defendant the amount of $300 in costs and attorney's fees for her failure to appear at the deposition scheduled for July 30, 2010. Such sum shall be paid within 45 days from today's date;

4. Plaintiff's *ore tenus* request to delay payment of the two sanctions until completion of the case is hereby **DENIED**;

5. Plaintiff's Counsel's Motion to Withdraw [DE 15] is hereby **GRANTED**;

6. Attorney Anthony Georges-Pierre is hereby relieved of further responsibility in this matter;

7. The matter is stayed for twenty (20) days to allow Plaintiff to obtain new counsel (though Defendant may send a notice to Plaintiff during this period regarding the new date for her deposition and the stay does not pertain to the deadlines for Plaintiff to pay the award of attorney's fees from this Order and Judge Seltzer's July 30 Order);

8. Plaintiff's deposition shall be reset for a day and time of Defendant's choosing, between September 16, 2010 and September 30, 2010, regardless of whether Plaintiff obtains new counsel or not, though with at least 14 calendar days notice to Plaintiff;

9. Until a notice of appearance is filed on her behalf, all notices to Plaintiff shall be made to her at 6775 Landings Drive, Apt. 202, Lauderhill, FL 33319, or by electronic mail to altasha75@live.com;

10. Plaintiff's failure to attend the rescheduled deposition will result in the dismissal of this case, regardless of whether new counsel appears for Plaintiff;

11. If no Notice of Appearance is filed on behalf of Plaintiff by September 15, 2010, Plaintiff shall be deemed to be proceeding pro se (representing herself).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 26th day of August, 2010.

*James I. Cohn*
JAMES I. COHN
United States District Judge

cc: All counsel of record on CM/ECF