UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-60480-CIV-COHN/SELTZER

ALTAGRACE ALBERT,
formerly known as ALTAGRACE FRANCOIS,

    Plaintiff,
v.

RACETRACK PETROLEUM, INC.,

    Defendant.
_____/

**ORDER TO SHOW CAUSE WHY SUMMARY JUDGMENT SHOULD NOT BE GRANTED**
**ORDER DENYING AMENDED MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant's Notice of Plaintiff's Failure to Comply with Court Orders and Amended Motion to Dismiss and for Sanctions [DE 23] and Defendant's Motion for Summary Judgment [DE 24]. The Court has carefully considered Plaintiff's Notice of Compliance (construed as a Response to the Amended Motion to Dismiss) [DE 27] and Defendant's Response to Plaintiff's Notice [DE 28] (construed as a Reply in support of its Motion to Dismiss), and is otherwise fully advised in the premises.

I.  BACKGROUND

On March 30, 2010, Plaintiff filed this action for race and national origin discrimination under 42 U.S.C. § 1981 against her former employer [DE 1]. Defendant filed its Answer on April 13, 2010 [DE 5]. After commencing discovery, Defendant filed a motion to compel compliance with Rule 26(a), contending that Plaintiff's initial disclosures failed to comply with the Rule [DE 13]. After Plaintiff did not respond to the motion, the Magistrate Judge granted the motion to compel on July 30, 2010, and

ordered Plaintiff to pay $100 in reasonable attorney's fees to Defendant within 60 days [DE 14].  Plaintiff's counsel moved to withdraw, while Defendant moved to dismiss the action for further discovery violations and for sanctions [DE 16].  After a hearing attended by Plaintiff, Plaintiff's counsel, and Defendant's counsel, the Court granted the motion to withdraw, denied the motion to dismiss, granted in part the motion for sanctions -- adding $300 in sanctions for failure to appear for her deposition, denied Plaintiff's request to delay payment until the end of the case, and directed Plaintiff to appear for her deposition within a specified two week period in September [DE 22].  At the end of the forty-five day period set for payment of the second sanction, Defendant filed an amended motion to dismiss, based primarily upon the failure to pay the monetary sanction.  On November 5, 2010, Defendant filed its motion for summary judgment.

## II.  DISCUSSION

### A.  Amended Motion to Dismiss and for Sanctions

Defendant's Amended Motion to Dismiss alleges only one additional discovery violation not previously part of the prior motions for sanctions.  During her deposition, Defendant became aware that Plaintiff failed to produce certain documents revealed to be in her possession.  In her letter response to the motion to dismiss, Plaintiff states that she has now produced all documents (some of which had to be ordered from the Internal Revenue Service), and that she is unable to pay the sanctions because she still has not obtained a job while she continues in school [DE 27].

Defendant seeks to dismiss this action for discovery violations pursuant to Federal Rule of Civil Procedure 37(b)(2)(C).  The Court incorporates by reference its previous

recitation of the history of discovery in this case.  See Order of August 26, 2010 at 2-3 [DE 22].  The present motion is essentially a motion to find Plaintiff in contempt for failing to pay a monetary sanction.  Plaintiff has now stated in writing that she is unable to pay the sanction at this time due to her unemployment.  Plaintiff acknowledges that she owes the money, and essentially seeks an extension to pay.[1]  Though the Court previously denied a request to delay payment until the end of the case, under the circumstances now before the Court, the request will be granted.  Furthermore, as the only additional alleged discovery violation has been remedied, though the Court recognizes that it has the authority to dismiss this action, dismissal on this record would still be prohibitively severe.  The Amended Motion to Dismiss and for Sanctions will therefore be denied.

### B.  Motion for Summary Judgment

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge

---

[1] Unless counsel for Defendant gives Plaintiff corrected information, the $400 presently owed in sanctions is payable to Defendant's law firm, Fisher & Phillips, LP, c/o Steven A. Siegel, 450 East Las Olas Blvd., Suite 800, Fort Lauderdale, Florida 33301.

this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325.

Upon review of Defendant's motion, Plaintiff must now "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Plaintiff must come forward with affirmative evidence to support her claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. at 249-50.

Plaintiff has failed to respond to the motion for summary judgment by the deadline of November 29, 2010. The Court will give Plaintiff one last chance to respond to the motion or the Court will grant the motion.

### III.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Amended Motion to Dismiss and for Sanctions [DE 23] is hereby **DENIED**;

2. Plaintiff shall respond to Defendant's Motion for Summary Judgment [DE 24] by no later than January 4, 2011.  No further extensions shall be granted;

3. Failure to file a response by that date shall result in the granting of the motion and the issuance of a summary judgment in favor of Defendant (Plaintiff's response is due at the Courthouse by 4:30pm on January 4, 2011);

4. Plaintiff's request to delay payment of the $400 in sanctions until completion of the case is hereby **GRANTED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 22st day of December, 2010.

JAMES I. COHN
United States District Judge

cc: Altagrace Albert, pro se, via email to altasha75@live.com

Steven A. Siegal, Esq./Candice C. Pinares-Baez, Esq.
via CM/ECF email