UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-60480-CIV-COHN/SELTZER

ALTAGRACE ALBERT,
formerly known as ALTAGRACE FRANCOIS,

    Plaintiff,
v.

RACETRACK PETROLEUM, INC.,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant's Motion for Summary Judgment [DE 24]. The Court has carefully considered the motion, Plaintiff's response letter [DE 30] to the Court's Order to Show Cause [DE 29], Defendant's Reply in support of its Motion for Summary Judgment [DE 31], and is otherwise fully advised in the premises.

I.  BACKGROUND

On March 30, 2010, Plaintiff filed this action for race and national origin discrimination under 42 U.S.C. § 1981 against her former employer [DE 1]. Defendant filed its Answer on April 13, 2010 [DE 5]. Three months after discovery commenced, Plaintiff's counsel moved to withdraw, while Defendant moved to dismiss the action for various discovery violations and for sanctions [DE 16].[1] After a hearing attended by Plaintiff, Plaintiff's counsel, and Defendant's counsel, the Court granted the motion to

---

[1] Previously, Defendant had moved to compel compliance with Rule 26(a), contending that Plaintiff's initial disclosures failed to comply with the Rule. After Plaintiff did not respond to the motion, the Magistrate Judge granted the motion to compel on July 30, 2010, and ordered Plaintiff to pay $100 in reasonable attorney's fees to Defendant within 60 days [DE 14].

withdraw, denied the motion to dismiss, granted in part the motion for sanctions -- adding $300 in sanctions for failure to appear for her deposition, and directed Plaintiff to appear for her deposition within a specified two week period in September [DE 22].  At the end of the forty-five day period set for payment of the second sanction, Defendant filed an amended motion to dismiss, based primarily upon the failure to pay the monetary sanction.  On November 5, 2010, Defendant filed its motion for summary judgment.  The Court denied the amended motion to dismiss and issued an order to show cause to Plaintiff as to why the motion for summary judgment should not be granted.  Plaintiff submitted a two-page letter referencing other employees who allegedly committed the same infraction she committed but were not fired.

## II.  DISCUSSION

### A.  Summary Judgment Standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."   Fed. R. Civ. P. 56(a).  The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must point out to the Court that "there is an absence of evidence to support the non-moving party's case."  Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the non-moving party "must do more than simply show that there is some

metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). According to the plain language of Federal Rule of Civil Procedure 56(e), "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact [the Court may] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In making this determination, the Court must decide which issues are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

### B.  Disparate Treatment

Where § 1981 is used as a remedy for race discrimination, the elements of such a claim are the same as the elements of a Title VII action. See Turnes v. AmSouth, N.A., 36 F.3d 1057, 1060 (11th Cir. 1994). Under the McDonnell Douglas framework, a plaintiff establishes a prima facie case of race discrimination under Title VII by showing: (1) the plaintiff belongs to a racial minority;  (2) she was subjected to adverse job action; (3) her employer treated similarly situated employees of other races more favorably; and (4) she was qualified to do the job. Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997); see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Jones v.

Bessemer Carraway Med. Ctr., 137 F.3d 1306, 1310 (11th Cir.1998).  "Demonstrating a prima facie case is not onerous; it requires only that the plaintiff establish facts adequate to permit an inference of discrimination."  Holifield, 115 F.3d at 1562 (citations omitted).  If a prima facie case is shown, the defendant must "articulate some legitimate, nondiscriminatory reason for the [adverse employment action]."  Jones, 137 F.3d at 1311.  If this is done, then the plaintiff may attempt to show that the proffered reason was merely a pretext for the defendant's acts.  Id. at 1311; see also Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).

The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.  Id.  However, "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated."  Reeves v. Sanderson Plumbing Products, Inc., 120 S.Ct. 2097, 2109 (2000).  Following Reeves, the Eleventh Circuit Court of Appeals held that "if the plaintiff does not proffer sufficient evidence to create a genuine issue of material fact regarding whether each of the defendant employer's articulated reasons is pretextual, the employer is entitled to summary judgment on the plaintiff's claim."  Chapman v. AI Transport, 229 F.3d 1012, 1024-25 (11th Cir. 2000).

Plaintiff's letter response raises the issue of disparate treatment in discipline, setting forth hearsay evidence, unsupported by any affidavit or declaration, regarding two other employees who allegedly also failed mystery shopper tests and were not terminated.  In its reply, Defendant seeks the Court to disregard this hearsay evidence, and conclude that there is no genuine issue of material fact regarding Plaintiff's failure

4

to set forth a prima facie case, as well as no admissible evidence to show pretext.  The Court concludes that Plaintiff has failed to put forth non-hearsay evidence regarding any similarly situated comparators.

Even if Plaintiff has done so, Defendant is correct that Plaintiff has failed to rebut the legitimate, non-discriminatory reasons for her termination set forth in Defendant's motion and accompanying declarations.  Plaintiff had been employed by Defendant from March 6, 2003 through July 20, 2007.  After initially being hired as an associate, she was promoted to Swing Manager in 2004 and Co-Manager in 2005.  Defendant puts forth evidence that Plaintiff was terminated by Shakira Evans, Operations Supervisor, who is black, for "sub-par managerial skills, failure to provide the customer service expected from Racetrac employees, as evidenced by the June 2006 customer complaint lodged against Albert, her failure of two Mystery Shops, and her disregard of Racetrac's Policy on Alcohol and Tobacco Sales."  Concise Statement of Undisputed Facts, § II.E, contained in Motion [DE 24].  Summary judgment is therefore appropriate in this case.

### III.  CONCLUSION

The Court notes that Plaintiff has asserted in this case that because she is proceeding *pro se*, the procedural requirements should be relaxed.  The Court notes that Plaintiff was present in court at the time that her counsel's motion to withdraw was filed [DE 21].  She was on notice that if Defendant's settlement offer before Plaintiff at that time was rejected,[2] that the motion to withdraw would be granted and Plaintiff would

---

[2] The Court was not involved in any negotiation of that settlement offer, and was never informed of the amount of that offer.  The Court merely advised Plaintiff that she

5

proceed *pro se*.  The Court cannot relax the rules regarding summary judgment and the admissibility of evidence simply because a party chose to litigate a case without counsel.  A defendant has the right to move for summary judgment in order to resolve the case before trial.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment [DE 24] is hereby **GRANTED**;

2. The Court will separately enter a summary judgment for Defendant;

3. Plaintiff payment of the $400 in sanctions to Defendant's counsel is now due.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 10th day of January, 2011.

JAMES I. COHN
United States District Judge

cc: Altagrace Albert, pro se, via email to altasha75@live.com

Steven A. Siegal, Esq./Candice C. Pinares-Baez, Esq.
via CM/ECF email

---

would be responsible for prosecuting the case herself if the case continued.

6